STATE OF RHODE ISLAND          SUPERIOR COURT
PROVIDENCE, SC

GERALD PARRILLO

VS.                      CA NO.P09- ʾƷ ƷƷƷ

OPTION ONE MORTGAGE
CORPORATION, SAND CANYON
CORPORATION, AMERICAN HOME
MORTGAGE SERVICING
CORPORATION, DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE
FOR THE CERTIFICATE HOLDERS OF
SOUNDVIEW HOME LOAN TRUST,
2006-OPT3, ASSET BACKED CERTIFICATES,
SERIES OPT3

## VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND TO REMOVE DEUTSCHE BANK FROM TITLE DUE TO LACK OF VALID ASSIGNMENT OF MORTGAGE AND NOTE AND TO STAY ANY ACTIONS BY ANY ALLEGED OWNER OF PROPERTY BY FORECLOSURE

### *PARTIES:*

1.  Gerald Parrillo was the owner of the property located at 12 Hargraves Street, Johnston, Rhode Island, County of Providence, State of Rhode Island.

2.  Option One Mortgage Company is a defunct mortgage lender ("Option One"), formerly located in Irvine, California. .Upon information and belief, it is known as Sand Canyon Corporation.

3.  Option One was a large subprime lender until it closed in April of 2008.

4.  Deutsche Bank National Trust Company is located in Los Angeles, California.

### *FACTS:*

5.    On 12/23/05, Parrillo entered into a loan agreement with Option One. He
      executed a note and promissory note. On both documents Option One was
      identified as the Lender.

6.    At paragraph 22 of the Mortgage, entitled "Acceleration; Remedies." It states that
      "Lender *shall* [emphasis added] *give notice to Borrower prior to acceleration
      following Borrower's breach of any covenant or agreement in this Security
      Instrument (but not prior to acceleration under Section 18 unless Applicable
      Law provides otherwise). The notice shall specify: (a) the default; (b) the action
      required to cure the default; (c) a date, not less than 30 days from the date the
      notice is given to Borrower, by which the default must be cured; and (d) that
      failure to cure the default on or before the date specified in the notice may
      result in acceleration of the sums secured by this Security Instrument and sale
      of the Property. The notice shall further inform Borrower of the right to
      reinstate after acceleration and the right to bring a court action to assert the
      non-existence of a default or any other defense of Borrower to acceleration and
      sale. If the default is not cured on or before the date specified in the notice,
      Lender at its option may require immediate payment in full of all sums secured
      by this Security Instrument without further demand and may invoke the
      STATUTORY POWER OF SALE and any other remedies permitted by
      Applicable Law. Lender shall be entitled to collect all expenses incurred in
      pursuing the remedies provided in this Section 22, including, but not limited to,
      reasonable attorneys' fees and costs of title evidence.*

      *If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a
      copy of a notice of sale to Borrower as provided in Section 15. Lender shall
      publish the notice of sale, and the Property shall be sold in the manner
      prescribed by Applicable Law. Lender or its designee may purchase the
      Property at any sale. The proceeds of the sale shall be applied in the following
      order: (a) to all expenses of the sale, including, but not limited to, reasonable
      attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any
      excess to the person or persons legally entitled to it.*" [emphasis added]

7.    The Lender in this case was the only party, pursuant to the plain language of the
      mortgage, which was prepared by and used by the Defendant or Defendants, and
      in the event of any inconsistencies in said document, said inconsistencies and the
      results thereof are the fault of the Defendant or Defendants and the negative
      results thereof shall be construed against the Defendant or Defendants.

8.    In this case, the Lender never complied with any of the provisions of paragraph
      22 of the Mortgage and as a necessary result thereof, any alleged foreclosure on
      the subject property was flawed.

9.   The fact that paragraph 22 of the mortgage was not complied with renders any foreclosure null and void.

10.  During the term of his mortgage, Parrillo fell behind on his payments due to the fact that he could not afford the mortgage.

11.  On August 8, 2008, an alleged assignment was made by American Home Mortgage Servicing, Inc., ("AHMSI"), as successor in interest to Option One, to Deutsche Bank.

12.  AHMSI is not the successor in interest to Option One Mortgage, therefore, the assignment was of no legal effect and is void.

13.  Deutsche Bank has no right/standing to invoke the statutory power of sale since it was not the Lender in this transaction as set forth in the note and mortgage.

14.  Deutsche Bank has no right/standing to invoke the statutory power of sale since the alleged assignment was executed by one other than the holder of the note and mortgage.

*15.*  At paragraph 22 of the Mortgage, entitled "Acceleration; Remedies."  It states that "Lender *shall* [emphasis added] *give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise).  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.*

*If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law.  Lender or its designee may purchase the Property at any sale.  The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable*

*attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any*
*excess to the person or persons legally entitled to it.*"  [emphasis added]

16.     The Lender in this case was the only party, pursuant to the plain language of the
        mortgage, which was prepared by and used by the Defendant or Defendants, and
        in the event of any inconsistencies in said document, said inconsistencies and the
        results thereof are the fault of the Defendant or Defendants and the negative
        results thereof shall be construed against the Defendant or Defendants.

17.     In this case, the Lender never complied with any of the provisions of paragraph
        22 of the Mortgage and as a necessary result thereof, any alleged foreclosure on
        the subject property was flawed.

18.     The fact that paragraph 22 of the mortgage was not complied with renders any
        foreclosure null and void.

19.     Deutsche was not the Lender as referred to in paragraph 22 of the instant
        mortgage referred to in paragraph 11.

20.     The Notice of Intention to Foreclose was defective and of no legal significance
        due to the non-compliance with paragraph 22 of the mortgage.

## *JURISDICTION*

21.     The amount in controversy; to wit, $300,025.00 , is sufficient to invoke the
        jurisdiction of this Court.

22.     This Court has subject matter jurisdiction over the matters in this complaint
        pursuant to the following statutes:

        a.      The provisions of R.I.G.L. §8-2-14 and R.I.G.L. §8-2-13, grant the
                Superior Court jurisdiction over questions of law and equity.  The
                Plaintiff is asking this Court, inter alia, to restrain the certain defendants
                from foreclosing on the subject property.

        b.      The provisions of the Declaratory Judgment Act, R.I.G.L. 9-30-1 et seq.,
                grant the Court jurisdiction to determine certain legal questions relating to
                the property rights of the Plaintiff and the Defendants under certain
                contracts, assignments, powers of attorneys, and deed.  Plaintiff asks that
                the foreclosure deed, the alleged assignments, and power of attorney, or
                lack thereof, and mortgage deed be declared invalid.

        c.      The provisions of R.I.G.L. §34-16-1 et, seq, in particular, R.I.G.L. §34-16-
                4 and R.I.G.L. §34-13.1-10, Marketable Title, authorizes the Court to
                determine questions of title and property interests being disputed by the
                parties.  Plaintiff contends that she holds the title to the property in fee

simple, and that the mortgage and foreclosure deed and subsequent recordings have slandered her title; and is void documents.

d.     The Defendants are liable to Parrillo for slander of title for their wrongful filing on the land records in Providence, RI.

## *COUNT I*
### *Quieting Title/Declaratory Judgment*

23.     Averments one (1) through (23) are hereby incorporated herein by reference.

24.     The foreclosure deed of the Defendant, Deutsche is void because it did not take by way of a valid assignment from the original note holder or its successor in interest.

25.     The foreclosure deed of the Defendant, Deutsche, is void because it was not the holder of the note at the time of the commencement of the foreclosure.

26.     Deutsche had no interest in the property, the mortgage or note and, thus, had no standing to foreclose upon the note and mortgage of the Plaintiff.

27.     Deutsche has abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the Plaintiff has suffered compensable damages.

28.     Deutsche by its improper recordings on the land records in the City of Providence, Rhode Island has slandered the title of the Plaintiff and caused him compensable damages.

29.     Plaintiff is being irreparably harmed by the actions of all of the Defendants.

30.     Plaintiff has no other remedy at law but to seek the relief requested herein.

31.     The Equities of the matter favor the Plaintiff.

32.     Public policy matters favor the Plaintiff.

**WHEREFORE**, the Plaintiff prays that this Court enter judgment against all of the Defendants, and further, (1) determine that all assignments on record are void for the reasons set forth herein and, (2) Order that Deutsche has no interest in the subject property and (3) Temporarily, preliminarily and permanently restrain Deutsche from commencing any further foreclosure actions or eviction actions against the Plaintiff

pending a trial on the merits of the Plaintiff's complaint, and (4) award the Plaintiff

compensatory damages against all of the Defendants for their wrongful slander of title

and abuse of process in a sum to be determined by a trier of fact, and (5) award attorney's

fees and costs, and, (6) award such other relief as this Court deems just and proper.

**STATE OF RHODE ISLAND**          **SUPERIOR COURT**
**PROVIDENCE, SC**

**GERALD A. PARRILLO**

**VS.**

**OPTION ONE MORTGAGE**
**CORPORATION, AMERICAN HOME**
**MORTGAGE SERVICING**
**CORPORATION, DEUTSCHE BANK**
**NATIONAL TRUST COMPANY, AS TRUSTEE**
**FOR THE CERTIFICATE HOLDERS OF**
**SOUNDVIEW HOME LOAN TRUST,**
**2006-OPT3, ASSET BACKED CERTIFICATES,**
**SERIES OPT3**

**SEE "EXHIBIT A" APPENDED HERETO**

Executed this 2st day of June 2009.

GERALD A. PARRILLO,
By his attorney,

_____
George E. Babcock, Esquire
23 Acorn Street
Providence, RI  02903
Bar Id# 3747
274-1905