UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GERALD PARRILLO | : |
| | : |
| vs. | : |
| | : |
| OPTION ONE MORTGAGE CORP.; | : |
| SAND CANYON CORPORATION; | : |
| AMERICAN HOME MORTGAGE SERV. | : C.A. No. 09-577 S |
| CORP.; DEUTSCHE BANK NATIONAL | : |
| TRUST CO., AS TRUSTEE FOR THE | : |
| CERTIFICATE HOLDERS OF | : |
| SOUNDVIEW HOME LOAN TRUST, | : |
| 2006-OPT3, ASSET BACKED | : |
| CERTIFICATES, SERIES OPT3 | : |

## ANSWER ON BEHALF OF DEFENDANTS, OPTION ONE MORTGAGE CORPORATION AND SAND CANYON CORPORATION

Defendants, Option One Mortgage Corporation and Sand Canyon Corporation hereby answer the Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted that Option One Mortgage Corporation no longer exists and changed its name to Sand Canyon Corporation.

3. Admitted.

4. These Defendants are without sufficient information to either admit or deny the allegations contained in this paragraph.

5. Admitted.

6. These Defendants neither admit nor deny the allegations contained in this paragraph but assert that the mortgage speaks for itself.

7. These Defendants make no answer to the allegations contained in this paragraph insofar as the allegations state conclusions of law and do not make factual allegations. To the extent that a responsive pleading is deemed required to these allegations, they are denied.

8. Denied.

9. Denied.

10. These Defendants are without sufficient information to either admit or deny the allegations contained in this paragraph.

11. These Defendants are without sufficient information to either admit or deny the allegations contained in this paragraph.

12. Admitted that AHMSI is not the successor in interest to Option One Mortgage but is the successor to the loan. Denied that any assignment from AHMSI in the name of Option One Mortgage had no legal effect and is void.

13. Denied.

14. Denied.

15. These Defendants neither admit nor deny the allegations contained in this paragraph but assert that the mortgage speaks for itself.

16. These Defendants make no answer to the allegations contained in this paragraph insofar as the allegations state conclusions of law and do not make factual allegations. To the extent that a responsive pleading is deemed required to these allegations, they are denied.

17. Denied.

18. Denied

19. Denied.

20. Denied.

21. Admitted that $300,025.00 is a sufficient amount of money to invoke the jurisdiction of the Court. Otherwise, denied.

22. These Defendants make no answer to the allegations contained in this paragraph insofar as the allegations state conclusions of law and do not make factual allegations. To the extent that a responsive pleading is deemed required to these allegations, they are denied.

23. These Defendants incorporate their responses to paragraphs 1-22 above as if incorporated in full herein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

FIRST AFFIRMATIVE DEFENSE

These Defendants affirmatively plead that they currently have no interest of any kind in the subject mortgage.

SECOND AFFIRMATIVE DEFENSE

These Defendants affirmatively plead that the Plaintiff's damages, if any at all, were caused by or contributed to by the Plaintiff's own conduct.

THIRD AFFIRMATIVE DEFENSE

These Defendants affirmatively plead that the Plaintiff's damages, if any at all, were caused by other persons, firms or corporation for whose conduct these Defendants are not responsible.

FOURTH AFFIRMATIVE DEFENSE

These Defendants affirmatively plead that the Plaintiff's claim is barred or limited by the application of the doctrine of failure to mitigate damages.

FIFTH AFFIRMATIVE DEFENSE

These Defendants affirmatively plead that this action is barred by the Plaintiff's failure to serve them within the time limit specified by the Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

These Defendants affirmatively plead that the plaintiff's Complaint fails to state a claim upon which relief may be granted as against these defendants.

WHEREFORE, Defendants Option One Mortgage Corporation and Sand Canyon Corporation demand that the Plaintiff's Complaint be dismissed and that the Defendants be awarded their costs related thereto.

>
> OPTION ONE MORTGAGE CORP, and
> SAND CANYON CORPORATION
> By Their Attorneys,
> BENGTSON & JESTINGS, LLP
>
> /s/Patricia A. Buckley
> PATRICIA A. BUCKLEY #2987
> One Turks Head Plaza, Suite 400
> Providence, Rhode Island 02903
> (401) 331-7272
> (401) 331-4404
> pbuckley@ckmlaw.com

DEFENDANTS HEREBY
DEMANDS TRIAL BY JURY

## CERTIFICATION

I hereby certify that a true copy of the within Answer was send by first-class mail, postage prepaid, to George E. Babcock, Esquire, 23 Acorn Street, Providence, Rhode Island 02903 and to William M. Walsh, Esquire, 33 College Hill Road, Bldg. 15C, Warwick, RI 02886 on this 30th day of November, 2009.

>
> /s/Patricia A. Buckley