UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD PARRILLO                                       :
                                                       :
    Vs.                                                :
                                                       :
OPTION ONE MORTGAGE CORPORATION,                       :
SAND CANYON CORPORATION, AMERICAN                      :
HOME MORTGAGE SERVICING                                :     C.A. No. 09-577ML
CORPORATION, DEUTSCHE BANK                             :
NATIONAL TRUST COMPANY, AS TRUSTEE                     :
FOR THE CERTIFICATE HOLDERS OF                         :
SOUNDVIEW HOME LOAN TRUST,                             :
2006-OPT3, ASSET BACKED CERTIFICATES,                  :
SERIES OPT3                                            :

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING PROTECTION AND PRESERVATION OF CONFIDENTIAL INFORMATION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff, Gerald Parrillo, and the defendants, Option One Mortgage Corporation, Sand Canyon Corporation, American Home Mortgage Servicing Corporation, Home Mortgage Servicing Corporation, Deutsche Bank National Trust Company, as Trustee for the Certificate Holders of Soundview Home Loan Trust, 2006-OPT3, Asset Backed Certificates Series OPT3 (collectively "the Parties"), jointly move the Court to endorse the Proposed Protective Order regarding Protection and Preservation of Confidential Information attached as <u>Exhibit A</u> hereto. The Parties believe that certain information which is or will be encompassed by discovery requests and disclosures in this matter pursuant to Fed.R.Civ.P. 26, constitute proprietary, commercial or other confidential information. The Parties wish to ensure that any such confidential information shall not be used for any other purpose than this lawsuit and shall not be made public by any party, or be otherwise disseminated by any party except as set forth in this order. Accordingly, the Parties

believe that it would serve their interests to conduct discovery under the Proposed Protective Order attached hereto.

WHEREFORE, the Parties request that the Court endorse the attached Protective Order Regarding Protection and Preservation of Confidential Information, and enter same as an Order of this Court.

| | |
|---|---|
| GERALD PARRILLO | OPTION ONE MORTGAGE CORPORATION and SAND CANYON CORPORATION |
| By his attorney, | By their attorney, |
| */s/ George E. Babcock* | */s/ Patricia A. Buckley* |
| George E. Babcock, No. 3747 | Patricia A. Buckley, No. 2987 |
| 23 Acorn Street, Suite 202 | One Turks Head Place, Suite 400 |
| Providence, RI 02903 | Providence, RI 02903 |
| (401) 274-1905 | (401) 331-7272 |

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST, 2006-OPT3, ASSET BACKED CERTIFICATES, SERIES OPT3 and AMERICAN HOME MORTGAGE SERVICING, INC.

By their attorney,

*/s/ Ranen S. Schechner*
Ranen S. Schechner, No. 6943
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903
(401) 751-0842

Dated: October 5, 2010

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, if any, on October 5, 2010.

/s/ *Ranen S. Schechner*
Ranen S. Schechner

34064696v1  0906647  70275

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GERALD PARRILLO : | |
| : | |
| Vs. : | |
| : | |
| OPTION ONE MORTGAGE CORPORATION, : | |
| SAND CANYON CORPORATION, AMERICAN : | |
| HOME MORTGAGE SERVICING : | C.A. No. 09-577ML |
| CORPORATION, DEUTSCHE BANK : | |
| NATIONAL TRUST COMPANY, AS TRUSTEE : | |
| FOR THE CERTIFICATE HOLDERS OF : | |
| SOUNDVIEW HOME LOAN TRUST, : | |
| 2006-OPT3, ASSET BACKED CERTIFICATES, : | |
| SERIES OPT3 : | |

## PROTECTIVE ORDER REGARDING PROTECTION AND PRESERVATION OF CONFIDENTIAL INFORMATION

Whereas, the parties to this action anticipate discovery will include disclosure of confidential, trade, secret, proprietary and business information of a party which is the proper subject of a protective order under Federal Rule of Civil Procedure 26(c),

IT IS HEREBY ORDERED as follows:

1.   Designation of Confidentiality.

A party responding to a discovery request in this case may, after making a good faith determination that the documents contain "a trade secret or other confidential research, development or commercial information" pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, may designate the responsive information to that discovery as "**CONFIDENTIAL**" (hereafter referred to as "Confidential Material"). That party shall make

the designation by producing the information and affixing a stamp conspicuously designating the information as "**CONFIDENTIAL**."

2.  <u>Protection of Confidential Material</u>

"Confidential Material" shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on, and rejects, the designation pursuant to a motion by party challenging the designation, 2) the designating party waives its assertion of confidentiality expressly in writing. At that time, the materials cease to be subject to the protections of this Order and the information may be used in any fashion consistent with other materials obtained through discovery.

Any Confidential Materials may not be used outside this case and may only be used in this litigation. Confidential Materials shall not be disclosed or made available to any person except

   a. the partners, associates, secretaries, paralegal assistants, and employees of such counsel, and experts and outside contractors retained by such counsel, to the extent reasonably necessary to render professional services in the litigation;

   b. The named parties in this litigation, and the employees and agents of any party with a need to review the information for the purposes of this litigation;

   c. assigns, servicers, investors, insurers, reinsurers, auditors and accountants of the parties, to the extent necessary to fulfill legal or contractual obligations, including but not limited to reporting requirements with respect to the above-referenced action;

   d. any other witnesses or deponents who agree to be bound by the terms of this order;

   e. the officials and personnel of the Court involved in this action, in which event the Confidential Discovery Materials shall be filed under seal and kept under seal until further order of the Court; and

   f. any other person upon prior written consent from both parties or counsel and execution of the stipulation attached as Exhibit A to this Agreement.

Each person – excepting the Court and its personnel – who receives Confidential Material shall be given a copy of this Order prior to receiving the materials and execute a copy of the acknowledgment attached as Exhibit A to this Order. No person apart from counsel for the parties to this matter may be provided with any material designated as **"CONFIDENTIAL"** unless that person is designated above and has executed that acknowledgment.

If a party in possession of Confidential Materials receives a subpoena or other compulsory process from a non-party to this Agreement seeking production or other disclosure of Confidential Discovery Materials, that party shall give facsimile and telephonic notice to counsel for the other party as soon as practicable after receipt of the subpoena or other compulsory process, so that the other party has the opportunity, if it elects to do so, to object to production. The party in possession of the Confidential Materials shall not produce such materials under a subpoena or compulsory process until the objection period for the subpoena or other compulsory process has expired, unless otherwise required by law. In the event that production of such documents is made, they shall still be treated as confidential by the parties to this Agreement.

3.      <u>Objections to the Designation of Confidentiality.</u>

Any party receiving Confidential Material may object to that designation at any time. A party who objects to the designation shall serve objections to the designation and request in writing a conference to resolve the conflict. The party challenging the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party challenging the designation of confidentiality shall move to have the information exempted from this Order. Nothing herein shall prohibit the parties to

this action from seeking further protection with respect to the disclosure and use of any Confidential Materials

4.   <u>Use of Confidential Material in Dispositive Motions and At Trial.</u>

The use and filing of Confidential Materials is governed by Local Rule Gen 102. Unless the Court otherwise permits, if a counsel or a party intends to file a document containing Confidential Material, the document shall not be filed until the party which designated the Confidential Material has been notified and afforded an opportunity to file a motion to seal. If only a portion of the document contains Confidential Material, the party or counsel requesting sealing shall file both an unredacted version of the document and a redacted version that excised the confidential information. The motion to seal shall not be filed electronically, but shall be filed by hand or by mail, together with the documents or materials which are the subject of the motion.

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this Order. No provision of this Order is intended to limit the right of any party or counsel for any party from seeking to modify the terms of this Order at any time in the future, or from seeking relief of the restrictions imposed by this Order concerning particular Confidential Discovery Materials.

**SO ORDERED.**

_____
**Judge Mary M. Lisi**

AGREED TO:

| | |
|---|---|
| GERALD PARRILLO | OPTION ONE MORTGAGE CORPORATION and SAND CANYON CORPORATION |
| By his attorney, | By their attorney, |
| */s/ George E. Babcock* | */s/ Patricia A. Buckley* |
| George E. Babcock, No. 3747 | Patricia A. Buckley, No. 2987 |
| 23 Acorn Street, Suite 202 | One Turks Head Place, Suite 400 |
| Providence, RI 02903 | Providence, RI 02903 |
| (401) 274-1905 | (401) 331-7272 |

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST, 2006-OPT3, ASSET BACKED CERTIFICATES, SERIES OPT3 and AMERICAN HOME MORTGAGE SERVICING, INC.

By their attorney,

*/s/ Ranen S. Schechner*
Ranen S. Schechner, No. 6943
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903
(401) 751-0842

Dated: October 5, 2010

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GERALD PARRILLO : <br> : <br> Vs. : <br> : <br> OPTION ONE MORTGAGE CORPORATION, : <br> SAND CANYON CORPORATION, AMERICAN : <br> HOME MORTGAGE SERVICING : <br> CORPORATION, DEUTSCHE BANK : <br> NATIONAL TRUST COMPANY, AS TRUSTEE : <br> FOR THE CERTIFICATE HOLDERS OF : <br> SOUNDVIEW HOME LOAN TRUST, : <br> 2006-OPT3, ASSET BACKED CERTIFICATES, : <br> SERIES OPT3 : | C.A. No. 09-577S |

**Acknowledgment of Receipt of Protective Order**
**Regarding Protection and Preservation of Confidential Information**

I acknowledge that I have read and that I understand the **Protective Order Regarding Protection and Preservation of Confidential Information** entered in this action and agree to abide by its terms and conditions. As a condition to access by me to documents designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the jurisdiction of the United States District Court for District of Rhode Island in connection with any alleged breach by me of the **Protective Order Regarding Protection and Preservation of Confidential Information**. I also understand that any violation of the Protective Order by me or anyone under my control may subject me to penalties for contempt of court.

_____