UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD PARRILLO                               :
                                              :
    Vs.                                       :
                                              :
OPTION ONE MORTGAGE CORPORATION,              :
SAND CANYON CORPORATION, AMERICAN             :
HOME MORTGAGE SERVICING                       :          C.A. No. 09-577ML
CORPORATION, DEUTSCHE BANK                    :
NATIONAL TRUST COMPANY, AS TRUSTEE            :
FOR THE CERTIFICATE HOLDERS OF                :
SOUNDVIEW HOME LOAN TRUST,                    :
2006-OPT3, ASSET BACKED CERTIFICATES,         :
SERIES OPT3                                   :

## MOTION TO COMPEL THE PLAINTIFF TO RESPOND TO DISCOVERY

Pursuant to Fed. R. Civ. P. 37, the defendants, American Home Mortgage Servicing Corporation, Inc. and Deutsche Bank National Trust company, as Trustee for the Certificate Holders of Soundview Home Loan Trust, 2006-OPT3, Asset Backed Certificates, Series OPT3 (collectively "the Defendants"), hereby move to compel the plaintiff, Gerald Parrillo ("the Plaintiff"), to respond to interrogatories and requests for production served by these defendants, and to produce documents responsive to these requests, within 10 days. As grounds for the motion, The Defendants state as follows.

1.    On May 4, 2010, the Defendants served interrogatories and requests for production to the Plaintiff. A copy of these interrogatories and requests for production are attached as <u>Exhibit A</u> and <u>Exhibit B</u> respectively. The Plaintiff has never responded to the interrogatories or requests for production or produced any documents, although Plaintiff's counsel has indicated his intention to do so on a number of occasions.

2.      There is no basis for the Plaintiff's failure to respond to the interrogatories or produce documents responsive the requests for production. The Plaintiff bears the burden of establishing his claims; to date the Plaintiff has not provided the Defendants any evidence to establish his claims. The Defendants have responded to all discovery propounded by Plaintiff.

WHEREFORE, the Defendants request that the Plaintiff respond to the interrogatories and requests for production, and provide documents responsive to the requests for production, within 10 days of granting the motion. The Defendants also request their reasonable attorney's fees incurred in bringing this motion.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS
OF SOUNDVIEW HOME LOAN TRUST,
2006-OPT3, ASSET BACKED
CERTIFICATES, SERIES OPT3 and
AMERICAN HOME MORTGAGE
CORPORATION

By their Attorneys,

/s/ Ranen S. Schechner
Ranen S. Schechner, No. 6943
HINSHAW & CULBERTSON LLP
155 South Main Street, Suite 304
Providence, RI 02903
Boston, MA 02110
401-751-0842
401-273-8543 (facsimile)

34069695v1 0906647 70275

## RULE 37 CERTIFICATION

      I, Ranen S. Schechner, hereby certify that I have conferred with counsel for plaintiff in a good faith attempt to obtain the discovery requests herein without the necessity of court action.

*/s/ Ranen S. Schechner*
Ranen S. Schechner, No. 6943

## CERTIFICATE OF SERVICE

      I, Ranen S. Schechner hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 21, 2011.

                                                  */s/ Ranen S. Schechner*
                                                    Ranen S. Schechner

34069695v1 0906647 70275

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GERALD PARRILLO                             :
                                            :
    Vs.                                     :
                                            :
OPTION ONE MORTGAGE CORPORATION,            :
SAND CANYON CORPORATION, AMERICAN           :
HOME MORTGAGE SERVICING                     :   C.A. No. 09-577S
CORPORATION, DEUTSCHE BANK                  :
NATIONAL TRUST COMPANY, AS TRUSTEE          :
FOR THE CERTIFICATE HOLDERS OF              :
SOUNDVIEW HOME LOAN TRUST,                  :
2006-OPT3, ASSET BACKED CERTIFICATES,       :
SERIES OPT3                                 :

### AMERICAN HOME MORTGAGE SERVICING CORPORATION AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST, 2006-OPT3, ASSET BACKED CERTIFICATES, SERIES OPT3 INTERROGATORIES ADDRESSED TO THE PLAINTIFF

Pursuant to Fed. R. Civ. P. 33 the defendants, American Home Mortgage Servicing Corporation and Deutsche Bank National Trust Company, As Trustee For the Certificate Holders of Soundview Home Loan Trust, 2006-OPT3, Asset Backed Certificates, Series OPT3, propound the following interrogatories upon the Plaintiff, Gerald Parrillo, to be answered under oath within thirty (30) days.

### INSTRUCTIONS AND DEFINITIONS

1.  "Person" shall mean and refer to any individual, corporation, partnership, joint venture, sole proprietorship, company or other entity.

2.  Whenever there is a request herein to "identify" a person, the term "identify" shall mean to give the person's full name, present or last known home and business address and telephone number.

3.  Whenever there is a request herein to "identify" a document, the term "identify" shall mean to give, to the extent known, the:

    (a) type of document;

SM

34059715v1 906647 70275

(b) general subject matter;

(c) date of document; and

(d) author(s), addressee(s), and recipient(s).

4. "State the Basis." When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

(a) identify each document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory;

(b) identify each and every oral and written communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

5. "Plaintiff" means Gerald Parrillo, and all of his agents, counsel, and any person acting on his behalf, at his behest or under his direction.

6. "You" or "Your" means the Plaintiff as defined above.

7. "American Home" shall mean the defendant American Home Mortgage Servicing Corporation, Inc. and their agents, employees, or other persons acting on their behalf or at their direction.

34059715v1 906647 70275

8. "Deutsche Bank" or "Deutsche Bank, as Trustee" shall mean the defendant Deutsche Bank National Trust Company, As Trustee For the Certificate Holders of Soundview Home Loan Trust, 2006-OPT3, Asset Backed Certificates, Series OPT3, and their agents, employees, or other persons acting on their behalf or at their direction.

9. "Sand Canyon" shall mean the defendant Sand Canyon Corporation and their agents, employees, or other persons acting on their behalf or at their direction.

10. "Option One" shall mean the defendant Option One Mortgage Corporation and their agents, employees, or other persons acting on their behalf or at their direction

11. "Defendants" means collectively all of the defendants in this action, and their agents, employees, or other persons acting on their behalf or at their direction.

12. "The Mortgage" means the December 23, 2005 mortgage from Gerald Parrillo to Option One Mortgage Corporation ("Option One") on real property located at 12 Hargreaves Street, Johnston, Rhode Island securing a $300,025 dollars loan to Geralde Parrillo.

13. "The Property" means the real property located at 12 Hargreaves Street, Johnston, Rhode Island.

14. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

15. "Document" is defined to be synonymous in meaning to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

16. "Concerning" means referring to, describing, evidencing, or constituting.

## INTERROGATORIES

1. Please provide the following information for the Plaintiff:

    a. Full name;

    b. Any alias names you have been known by or used including your maiden name, if applicable, for the past 10 years;

    c. Current residential address;

    d. Current business address;

    e. Occupation; and

    f. Date of birth.

2. List, identify and summarize the contents of any documents or correspondence related to the drafting or execution of the mortgage agreement and/or promissory note with Option One Mortgage Corporation ("Option One") dated December 23, 2005 (the "Mortgage"), concerning the property at 12 Hargraves Street, Johnston, Rhode Island (the "Property") including to the best of your knowledge when and by whom it was created.

3. State the basis of your allegation in paragraph 12 of the Complaint that the assignment made by American Home Mortgage Servicing, Inc. to Deutsche Bank on August 8, 2008 was of no legal effect or void..

4. State the basis of your allegation in paragraph 12 of the Complaint that American Home was not a successor in interest to Option One.

5. State your knowledge of the relationship between American Home and each of the other Defendants.

6. State the basis of your allegations in the Complaint that Option One Mortgage Corporation or Sand Canyon Corporation f/k/a Option One Mortgage Corporation cannot assign its rights, responsibilities, and interests as the Mortgage Lender after execution of the Mortgage.

7. State the basis of your allegation in paragraphs and/or 17-20 of the Complaint that actions taken or documents recorded in the chain of title by any of the Defendants failed to comply with paragraph 22 of the Mortgage.

8. State the basis of your allegation in paragraph 13 of the Complaint that Deutsche Bank has no right/standing to invoke the statutory power of sale for the Mortgage.

9. State the basis of your allegation in paragraph 14 of the Complaint that the assignment into Deutsche Bank was executed by one other than the holder of the Mortgage.

34059715v1 906647 70275

10. State the basis of your allegation in paragraph 20 of the Complaint that the Notice of Intention to Foreclose was invalid, improper or otherwise insufficient.

11. State the basis of your allegation in paragraph 24 of the Complaint that the foreclosure deed of Deutsche Bank is void.

12. State the basis of your allegation in paragraph 25 of the Compliant that Deutsche Bank was not the holder of the note at the time of the commencement of the foreclosure of the Mortgage.

13. State the basis of your allegation in paragraph 26 of the Complaint that Deutsche Bank has no interest in the Property.

14. State the basis of your allegation in paragraph 27 of the Complaint that Deutsche Bank knew that it did not have a valid assignment of the note and Mortgage.

15. Identify and itemize all damages that you claim to have suffered as a result of the conduct of the Defendants, and describe:

    a. the date(s) on which the alleged damages were incurred;

    b. the subject matter of the alleged damages;

    c. the amount and method of calculation of the alleged damages; and

    d. the nature of the items constituting the alleged damages.

16. State the basis for your allegation in paragraph 28 of the that any of the Defendants committed slander of title.

17. Set forth in detail and with specificity each and every fact upon which you rely in asserting that Option One Mortgage Corporation is responsible for your purported damages.

18. Set forth in detail and with specificity each and every fact upon which you rely in asserting that Canyon Corporation is responsible for your purported damages.

19. Set forth in detail and with specificity each and every fact upon which you rely in asserting that American Home is responsible for your purported damages.

20. Set forth in detail and with specificity each and every fact upon which you rely in asserting that Deutsche Bank is responsible for your purported damages.

21. Identify any person you have consulted with, retained or intend to retain as an expert witness in regard to the this matter.

22. As to each expert witness referred to above, set forth the following:

    a. the subject matter upon which each expert is expected to testify, including the substance of the facts, opinions and/or conclusions to which the person

5

       is expected to testify and a summary of the grounds for each opinion or conclusion;

b.    description and date of each written report prepared by each expert, to include the name and address of the person having present custody or control of each report;

c.    if the opinion of any expert listed above is based in whole or in part on a specific rule or principle, set forth each such rule or principle and the source;

d.    if the opinion of any expert listed above is based in whole or in part on any code or regulation, governmental or otherwise, identify each such code or regulation and specifically set forth the section relied upon;

e.    if the opinion of any expert listed above is based in whole or in part on any scientific or engineering textbook or other publication of any nature, identify each; and

f.    set forth in detail the factual information supplied to each expert who you expect to call as a witness at the trial of this matter which was used as a basis of his or her opinion, including all objects examined, the type, place and date of examination, a description of all photographs or medical records, etc. reviewed and the name and address of each and every person who was present with the expert on each such occasion.

23.    Identify any person who aided in the preparation of these Answers and state his or her relationship to you.

24.    Identify any person who you contend has information concerning the matters at issue in this lawsuit and state his or her relationship to you.

25.    Identify every witness you intend to call at the trial of this matter.

34059715v1 906647 70275

AMERICAN HOME MORTGAGE SERVICING CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST, 2006-OPT3, ASSET BACKED CERTIFICATES, SERIES OPT3

By Their Attorneys

/s/ Ranen S. Schechner
Ranen S. Schechner (RI Bar No. 6943)
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903
Phone (401) 751-0842
Fax (401) 273-8543
rschechner@hinshawlaw.com

Dated: May 4, 2010

## CERTIFICATE OF SERVICE

I, Ranen S. Schechner, hereby certify that on May 4, 2010 I served the enclosed via email and first class mail on all counsel of record as follows:

George E. Babcock, Esq.
23 Acorn Street
Providence, RI 02903

Patricia A. Buckley, Esq.
Bengtson & Jestings, LLP
One Turks Head Place, Suite 400
Providence, RI 02903

/s/ Ranen S. Schechner
Ranen S. Schechner

7

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GERALD PARRILLO<br><br>Vs.<br><br>OPTION ONE MORTGAGE CORPORATION,<br>SAND CANYON CORPORATION, AMERICAN<br>HOME MORTGAGE SERVICING<br>CORPORATION, DEUTSCHE BANK<br>NATIONAL TRUST COMPANY, AS TRUSTEE<br>FOR THE CERTIFICATE HOLDERS OF<br>SOUNDVIEW HOME LOAN TRUST,<br>2006-OPT3, ASSET BACKED CERTIFICATES,<br>SERIES OPT3 | :<br>:<br>:<br>:<br>:<br>:<br>: C.A. No. 09-577S<br>:<br>:<br>:<br>:<br>: |

### AMERICAN HOME MORTGAGE SERVICING CORPORATION AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST, 2006-OPT3, ASSET BACKED CERTIFICATES, SERIES OPT3 REQUEST FOR PRODUCTION ADDRESSED TO THE PLAINTIFF

Pursuant to Fed. R. Civ. P. 34, the defendants, American Home Mortgage Servicing Corporation, Inc. and Deutsche Bank National Trust Company, As Trustee For the Certificate Holders of Soundview Home Loan Trust, 2006-OPT3, Asset Backed Certificates, Series OPT3, request that the plaintiff, Gerald Parrillo, produce for copying and/or inspection true copies of the following documents within thirty (30) days hereof.

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this request is intended to be given their most expansive and inclusive interpretation. As used in this request, the following terms are to be interpreted in accordance with these definitions:

A. "Plaintiff" means Gerald Parrillo, and all of his agents, counsel, and any person acting on her behalf, at her behest or under her direction.

B. "You" or "Your" means the Plaintiff as defined above.

34059709v1 906647 70275

C. "American Home" shall mean the defendant American Home Mortgage Servicing Corporation, Inc. and their agents, employees, or other persons acting on their behalf or at their direction.

D. "Deutsche Bank" or "Deutsche Bank, as Trustee" shall mean the defendant Deutsche Bank National Trust Company, As Trustee For the Certificate Holders of Soundview Home Loan Trust, 2006-OPT3, Asset Backed Certificates, Series OPT3, and their agents, employees, or other persons acting on their behalf or at their direction.

E. "Sand Canyon" shall mean the defendant Sand Canyon Corporation and their agents, employees, or other persons acting on their behalf or at their direction.

F. "Option One" shall mean the defendant Option One Mortgage Corporation and their agents, employees, or other persons acting on their behalf or at their direction

G. "Defendants" means collectively all of the defendants in this action, and their agents, employees, or other persons acting on their behalf or at their direction.

H. "The Mortgage" means the December 23, 2005 mortgage from Gerald Parrillo to Option One Mortgage Corporation ("Option One") on real property located at 12 Hargreaves Street, Johnston, Rhode Island securing a $300,025 dollars loan to Geralde Parrillo.

I. "The Property" means the real property located at 12 Hargreaves Street, Johnston, Rhode Island.

J. "Communication" means the transmittal of information by any means whether written, oral or electronic.

K. "Concerning" means relating to, referring to, describing, evidencing, memorializing or constituting.

34059709v1 906647 70275

L.  "Document" or "documents" are used in the most expansive and inclusive sense and include, but are not limited to, the following items within the possession, custody or control of Plaintiff whether such items are typed, printed, recorded, reproduced by mechanical process, stored in an electronic or other computer medium, written by hand or reproduced by any other means:

> writings; contracts; written or oral correspondence; telegrams; memoranda; written or oral statements; records; returns; statements; receipts; reports; books; summaries; summaries and/or records of telephone conversations; summaries and/or records of personal conversations; diaries; forecasts; orders; bills; invoices; checks; statistical statements; books or accounts; financial analyses and/or projections; studies; graphs; charts; work papers; indices; data sheets; data processing cards; analytical records; minutes and/or records of meetings and conferences; reports and/or summaries of interviews; reports and/or opinions of consultants; appraisals; records; reports and/or summaries of negotiations; brochures; lists; periodicals; pamphlets; circulars; trade letters; newspaper clippings; press releases; notes; projections; working papers; photographs; drawings; computer files; computer disks; tape recordings; e-mail messages; and all other written, printed, recorded, electronic, or graphic matter, photographic matter or sound reproductions, however produced or reproduced.

The term "document" specifically includes: all drafts, amendments, modifications, changes or side correspondence, notes, or other documents (as described above) related thereto, including all non-identical copies such as those that include marginalia or other printed, stamped or handwritten revisions or notations.

M.  "All" means "any and all"; "any" means "any and all."

N.  "Including" means "including but not limited to."

O.  "And" and "or" encompass both "and" and "or."

## INSTRUCTIONS

A.  These requests cover all documents and things, wherever located, in Plaintiff's possession, custody or control, and in the possession, custody, or control of any of Plaintiff's agents, employees, accountants, counsel or other representatives.

3

B.  These requests are continuing in nature and must be supplemented promptly if Plaintiff obtains additional or different documents or information related to any response at any time before the termination of this action.

C.  If Plaintiff cannot respond in full to any of these requests, Plaintiff should produce documents or information to the fullest extent possible, specify the reason(s) for their inability to respond in full, including the location of non-produced documents or information, and should produce such documents or information as they have concerning the unanswered portion(s).

D.  All documents should be produced as they are kept in the ordinary course of business, or they should be segregated, labeled or otherwise marked as being responsive to a particular document request. Identical copies of responsive documents need not be produced. However, any non-identical copy of a document that differs in any manner, including the presence of marginalia or other handwritten, printed or stamped notations, shall be produced.

E.  If Plaintiff contends that any document that would otherwise have been produced may be withheld on the ground that it is privileged under the attorney-client privilege, the work-product doctrine, or any other basis, identify each such document by providing a log which states:

    a) the date of the document or communication;

    b) the author(s) of the document or the person(s) who participated in the communication;

    c) the addressee(s) of the document;

    d) the title of the document;

    e) the number of pages in the document; and

    f) the substance of the document or communication, except to the extent that you claim it is privileged.

## REQUESTS

1. Any and all documents that relate to the mortgage agreement and/or promissory note with Option One dated December 23, 2005 (the "Mortgage"), concerning the property at 12 Hargraves Street, Johnson, Rhode Island (the "Property").

2. Any document concerning your allegation in paragraph ¶13 of the Complaint that Deutsche Bank has no right/standing to invoke the statutory power of sale as asserted in.

3. Any documents concerning your allegation in paragraph ¶14 of the Complaint that the assignment into Deutsche Bank was executed by one other than the holder of the Mortgage.

4. Any documents concerning your allegation in paragraph ¶ 20 of the Complaint that the Notice of Intention to Foreclose referenced in the Complaint was invalid, improper, or otherwise insufficient as asserted in.

5. Any documents concerning your allegation in paragraph ¶ 24 of the Complaint that the foreclosure deed of Deutsche Bank, As Trustee, is void.

6. Any documents concerning your allegation in paragraph ¶ 25 of the Complaint that Deutsche Bank, as Trustee, was not the holder of the note at the time of the commencement of the foreclosure. as asserted in.

7. Any documents concerning your allegation in paragraph ¶ 26 of the Complaint that Deutsche Bank, as Trustee, had no standing to foreclosure upon the note and Mortgage.

8. Any documents concerning your allegations in paragraph ¶ 27 of the Complaint that any of the Defendants, or any of them, have abused the foreclosure process while foreclosing the Property.

9. Any documents concerning any damages you incurred as a result of the act and omission and of the Defendants alleged in the Complaint.

10. Any documents concerning you allegation in paragraph ¶ 28 of the Complaint that the Defendants have slandered the Plaintiff's title.

11. Any documents concerning you allegations in the Complaint that the Plaintiff is being irreparably harmed by the actions of the Defendants.

12. Any documents concerning your allegations in paragraphs that ¶ 8 and/or ¶ 17-20 of the Complaint that the Defendants failed to comply with ¶ 22 of the Mortgage.

13. Any documents concerning your allegation in paragraph ¶ 31 of the Complaint that "equities of this matter clearly favor the Plaintiff."

34059709v1 906647 70275

14. Any documents concerning your allegation in paragraph ¶ 32 of the Complaint. concerning your allegation that "public policy matters favor the Plaintiff."

15. Any documents concerning the Mortgage and/or foreclosure of same.

16. Any and all correspondence or other documentation exchanged between the Plaintiff and any third party concerning the Mortgage and/or the foreclosure of same.

17. Any and all correspondence or other documentation exchanged between the Plaintiff, or his agents, and any of the Defendants concerning the Mortgage and/or the foreclosure of same.

18. Any and all documents concerning the ownership of the Property

19. Any documents concerning your allegations in the Complaint that any recorded documents in the chain of title for the Property recorded since December 23, 2005 are invalid or unenforceable.

20. Any documents concerning the foreclosure of the mortgage or eviction of the Plaintiff from the Property.

21. Any documents concerning the relationship between Option One Mortgage Corporation and Sand Canyon Corporation.

22. Any documents concerning the relationship between American Home Mortgage Servicing, Inc. and any of the other Defendants.

23. Any documents concerning Property that were recorded in the City of Providence, Rhode Island.

24. Any documents that you intend to offer as evidence at time of trial.

25. Any documents identified in your answers to interrogatories.

26. Any and all documents concerning the anticipated opinions or testimony of the Plaintiff's expert witness(es), including, without limitation:

    (a) documents and/or records that such witness has or will review in relation to the testimony;

    (b) studies conducted by the expert witness in connection with this case;

    (c) expert reports concerning this case;

    (d) documents generated by the expert witness based upon any expert study of this matter but not included in the expert report;

(e)  the resume of each such expert witness; and

(f)  all transcripts or other records of all testimony which such expert has provided, whether at trial, hearing or deposition.

                    AMERICAN HOME MORTGAGE SERVICING CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF SOUNDVIEW HOME LOAN TRUST, 2006-OPT3, ASSET BACKED CERTIFICATES, SERIES OPT3

By Their Attorneys

/s/ Ranen S. Schechner
Ranen S. Schechner (RI Bar No. 6943)
Hinshaw & Culbertson LLP
155 South Main Street, Suite 304
Providence, RI 02903
Phone (401) 751-0842
Fax (401) 273-8543
rschechner@hinshawlaw.com

Dated: May 4, 2010

## CERTIFICATE OF SERVICE

I, Ranen S. Schechner, hereby certify that on May 4, 2010, I served the enclosed upon all counsel of record via email and first class mail on :

George E. Babcock, Esq.
23 Acorn Street
Providence, RI 02903

Patricia A. Buckley, Esq.
Bengtson & Jestings, LLP
One Turks Head Place, Suite 400
Providence, RI 02903

/s/ Ranen S. Schechner
Ranen S. Schechner